**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tanya Winters, | No. CV-21-00034-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Tanya Winter's Complaint. (Doc. 1.) Plaintiff filed her Complaint pro se on January 6, 2021 against the Social Security Administration ("SSA"). (*Id.*) The Court granted Plaintiff's application to proceed *in forma pauperis* on January 12, 2021. (Doc. 5.) The Court has screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismisses Plaintiff's Complaint with leave to amend.

**I.   Legal Standard**

When a party proceeds *in forma pauperis*, 28 U.S.C. § 1915(e)(2) requires the Court to screen lawsuits and dismiss them *sue sponte* if it determines "the action or appeal…fails to state a claim on which relief may be granted..." *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000). To adequately state a claim, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a)(3). While detailed factual allegations are not required, "Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, a complaint should contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

**II. Statutory Screening**

The Court has determined that Plaintiff's Complaint must be dismissed because it does not contain a sufficient statement of a claim showing that the pleader is entitled to relief.[1] *See* Fed. R. Civ. P. 8(a). Plaintiff's Complaint appears to seek judicial review of an SSA determination. However, Plaintiff's Complaint only references the date that the SSA determination was believed to be made, December 27, 2020. (Doc. 1 at 1.) It does not appear to reference specifically which SSA decision she is appealing or include a case number. Further, Plaintiff's Complaint contains an insufficient statement of her claim. Although the Complaint alleges generally that the State of Arizona does not see traumatic brain injury as an injury and that the State gave Plaintiff a false disability that was used to deny disability benefits, (*Id.* at 2b), Plaintiff does not state specifically how she believes the administrative law judge erred in deciding her case. Without this information, the Court will not be able to determine why Plaintiff believes that the decision should be overturned. Plaintiff should include these details in her amended complaint.

**III. Leave to Amend**

In accordance with the well-settled law in this Circuit, the Court will grant Plaintiff leave to amend to cure the defects in her Complaint. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); *Lopez*, 203 F.3d at 1131 (*en banc*) (holding a pro se litigant must be given leave to amend "if it appears at all possible the plaintiff can correct

---

[1] The Court also notes that the Complaint does not contain a reference to a law or statute which grants the Court jurisdiction to hear the case. If Plaintiff intends to bring a complaint for judicial review of an adverse determination under the Social Security Act, then Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

the complaint's defects"); Fed. R. Civ. P. 15(a)(2). Plaintiff's complaint must be amended to address the deficiencies identified above and should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Plaintiff can obtain a form to use for her amended complaint for judicial review of a Social Security Disability or Supplemental Security Income Decision via this link to the uscourts.gov website: https://www.uscourts.gov/sites/default/files/complaint_for_review_of_social_security.pdf

Within thirty (30) days from the date of entry of this Order, Plaintiff may submit an amended complaint. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference.

**IV.     Conclusion**

**IT IS ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed with leave to file an amended complaint within thirty (30) days of the date this Order is entered;

**IT IS FURTHER ORDERED** that if Plaintiff does not file an amended complaint within thirty (30) days of the date this Order is entered, the Clerk of Court shall dismiss this action without further order of this Court; and

**IT IS FURTHER ORDERED** that if Plaintiff elects to file an amended complaint, it may not be served until and unless the Court issues an Order screening the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 19th day of January, 2021.

_Honorable Susan M. Brnovich_
United States District Judge