**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tanya Winters, | No. CV-21-00034-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Tanya Winter's First Amended Complaint ("FAC"). (Doc. 7.) Plaintiff filed her FAC pro se against the Social Security Administration ("SSA"). (*Id.*) The Court granted Plaintiff's application to proceed *in forma puaperis* on January 12, 2021. (Doc. 5.) The Court has screened Plaintiff's FAC pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismisses the FAC with leave to amend.

## I.   Legal Standard

When a party proceeds *in forma pauperis*, 28 U.S.C. § 1915(e)(2) requires the Court to screen lawsuits and dismiss them *sue sponte* if it determines "the action or appeal…fails to state a claim on which relief may be granted..." *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000). To adequately state a claim, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a)(3). While detailed factual allegations are not required, "Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, a complaint should contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

## II. Statutory Screening

From Plaintiff's FAC, it appears that the appeal was brought almost three years after the time allowed by statute. The statute governing judicial review of final decisions made by the Commissioner of Social Security requires a civil action to be commenced with the district court within sixty days "after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). Here, Plaintiff states in her FAC that she received notice that the Commissioner's decision was final on November 30, 2017. (Doc. 7.) Therefore, it appears that Plaintiff brought this case almost three years after the statute would allow. Accordingly, the Plaintiff's FAC must be dismissed. However, the Court will grant Plaintiff leave to amend in case Plaintiff's listed date was an error.

## III. Leave to Amend

In accordance with the well-settled law in this Circuit, the Court will grant Plaintiff leave to amend to cure the defects in her FAC if she wishes to do so. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); *Lopez*, 203 F.3d at 1131 (*en banc*) (holding a pro se litigant must be given leave to amend "if it appears at all possible the plaintiff can correct the complaint's defects"); Fed. R. Civ. P. 15(a)(2). Plaintiff's FAC may be amended to address the deficiencies identified above and should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Plaintiff can obtain a form to use for her amended complaint for judicial review of a Social Security Disability or Supplemental Security Income Decision via this link to the uscourts.gov website: https://www.uscourts.gov/sites/default/files/complaint_for_review_of_social_security.pdf

Within thirty (30) days from the date of entry of this Order, Plaintiff may submit an amended complaint. Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the FAC by reference.

**IV.     Conclusion**

Accordingly,

**IT IS ORDERED** that Plaintiff's First Amended Complaint (Doc. 7) is dismissed;

**IT IS FURTHER ORDERED** that if Plaintiff does not file an amended complaint within thirty (30) days of the date this Order is entered, the Clerk of Court shall dismiss this action without further order of this Court; and

**IT IS FURTHER ORDERED** that if Plaintiff elects to file an amended complaint, it may not be served until and unless the Court issues an Order screening the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 1st day of March, 2021.

Honorable Susan M. Brnovich
United States District Judge